ments of mutual understanding. It was not what he thought it was, but that was simply because the precise language used did not affect the contract in its entirety which he averred.

Upon both the grounds discussed, we think the judgment was clearly right, and that it should be affirmed, with costs. All concur.

---

(30 App. Div. 505.)

MARSULLO v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. June 10, 1898.)

WITNESS—EXAMINATION—IMPEACHMENT.

Where a witness who has testified positively to a material fact concerning which the evidence is conflicting is discredited upon his cross-examination, which tends to show that he was coached as to his testimony, the exclusion of questions on the redirect which seek to elicit a full account of the circumstances relating to the alleged coaching constitutes reversible error.

Appeal from trial term, New York county.

Action by Mary Marsullo, administratrix, against the Metropolitan Street-Railway Company. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Reversed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Charles G. F. Wahle, for appellant.

Charles F. Brown, for respondent.

RUMSEY, J. The action was brought to recover damages for the negligent killing of the plaintiff's intestate, who was a boy about six years old. He was run over by a street car driven by one of the employés of the defendant on Twenty-Eighth street, in the city of New York, between Sixth and Seventh avenues. It appeared from the evidence that as the car was proceeding through that street, shortly before noon of the 8th of November, 1896, it came to a place between Sixth and Seventh avenues where two men were fighting. The driver stopped the car to look at the fight, and, just after the car started again, the boy who was killed fell under the wheel, and his leg was crushed so that his death resulted. The plaintiff's claim was that the boy got upon the front platform while the car was not in motion, and was standing there after the car started, when the driver pushed him off, and the wheel of the car passed over his leg. The contention of the defendant, on the other hand, was that the boy attempted to get upon the car after it started, and when it was in motion, and, while so doing, his foot slipped, and he fell under the car. In which of these two ways the accident occurred was seriously contested, several witnesses being sworn upon each side. The case having been sent to the jury, a verdict was found for the defendant. After the verdict, a motion for a new trial was made, which was denied, and the plaintiff takes this appeal.

It is not denied that the jury were justified upon the evidence in rendering the verdict which they did, but a new trial is sought solely upon the ground of errors in the rulings of the learned judge on

the trial. One of the witnesses produced and sworn by the plaintiff, and who testified that the boy was pushed by the driver from the platform of the car after it had started, was a boy 12 years old. His testimony, if it was to be believed, was quite sufficient to warrant the jury in coming to a conclusion that the boy was standing upon the platform when the car began to move, and was pushed from it by the driver after the car was in motion. Upon this cross-examination, the following took place:

"Q. How many times have you been over this story,—question and answer? A. Three times. Q. Could you not learn it the first time? A. No, sir. Q. How many times did it take you to learn it? A. Two times. Q. It took you two times to learn it? A. Yes, sir. Q. The same questions put to you, and then you were told what to answer, were you? ·A. Yes, sir. Q. Who told you what to answer? When they put the questions, who told you how to answer? A. I forget the man's name. Q. Were the other boys there at the same time? A. Yes, sir. Q. Did he tell them what to answer, the same man? A. I think so. Q. And it took you twice to get the story right? A. Yes, sir."

Upon his redirect examination he was asked whether any one told him to say that the boy was pushed from the car. He was also asked what he was told by anybody in the case concerning his testimony. He was also asked to tell what he did when he came to tell what he saw or knew about the accident. Each of these questions was objected to separately, and the objection sustained, and exception taken to each ruling. The witness then was permitted to state that he came to the office of the attorney for the plaintiff a few days after the accident. He was then asked what he did there, to which an objection was made, which was sustained, and an exception taken. He was permitted to say that nothing was said to him about the testimony. He was then asked if he was told to make any answer to particular questions. This was objected to, and sustained, and exception taken. It will thus be seen that the witness was not permitted to tell what occurred, or what was said to him, or what he said, at the time when, in the attorney's office, he was asked about this accident. We are of the opinion that the exclusion of this evidence was an error which must have seriously affected the plaintiff's case. There was a grave conflict of testimony as to the manner in which this accident occurred. The witness in question gave evidence clearly tending to show that the defendant's employé was seriously in fault for the injury which the boy suffered, and his testimony, if believed, would have justified the submitting of the question of the defendant's negligence to the jury. There can be no doubt that the cross-examination tended to throw great discredit, not only upon his testimony, but upon the testimony of other witnesses sworn for the plaintiff, who gave a version of the accident; and, if that testimony stood uncontradicted or unexplained, it would justify the jury in refusing to credit the testimony, not only of this witness, but of others who were there at the time, and gave testimony on the trial. For that reason the witness should have been permitted to explain fully what took place at the time when·he was led to testify upon his cross-examination substantially that the story was repeated to him three times, question and answer, before he was.

able to learn it, so that he could repeat it upon the trial. For this error alone, the judgment and order should be reversed, and a new trial ordered.

We have examined the other exceptions taken upon the trial. It is not probable that the same questions will arise upon a new trial, and for that reason we do not think it necessary to express any opinion upon the points raised by those exceptions. It is sufficient to say that, for the error referred to, the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.